THE HANOVER NATIONAL BANK OF THE CITY OF NEW YORK, Plaintiff, *v.* FREDERICK D. BLAKE and Another, Defendants.

*Composition agreement — exaction of security, by indorsement, beyond its terms — the indorser not bound — the original debtor not discharged.*

A firm made an assignment for the benefit of its creditors, and the latter subsequently entered into a sealed composition agreement, by which they agreed to accept certain notes of the firm in settlement of their claims. A bank, one of the creditors, refused to accept a note for the amount due to it under said agreement unless the note was indorsed by a third person. The indorsement was given. In an action by the bank upon the note:

*Held,* that the exaction of further security was in fraud of the composition agreement, and of the rights of the other creditors, and that as to the indorser the bank was not a holder of the note for value.

That the makers of the note were not discharged, by reason of the exaction of further security, from the payment of the original debt, since whatever fraud was perpetrated took place after the composition agreement had become a valid instrument.

Exceptions of the defendant, Frederick D. Blake, taken upon a trial before the court and a jury at the New York Circuit, on the 4th day of May, 1891, at which the court directed a verdict for $2,396.17 against the defendants, Frederick D. Blake and Charles Waterman, and dismissed the complaint as to the defendant, Sarah F. Blake; and further directed that the exceptions taken on the trial be heard in the first instance at General Term, judgment upon the verdict being suspended.

*T. S. Moore*, for the plaintiff.

*C. B. Smith*, for the defendants.

VAN BRUNT, P. J. :

This action was brought to recover against the defendants Frederick D. Blake and Charles Waterman, copartners under the firm name of F. D. Blake & Co., upon a certain promissory note made by said firm, and indorsed by the defendant Sarah F. Blake.

The defendants by their answer alleged that the plaintiff was a creditor of the firm of F. D. Blake & Co.; and that said last mentioned firm being in a failing condition, they executed and delivered an assignment of their property for the benefit of creditors; that subsequently the said F. D. Blake & Co.'s creditors entered into a sealed agreement by which they agreed to compromise their debts and to accept from said firm certain promissory notes made by them, and that thereafter the plaintiff refused to accept a promissory note of the character called for by the aforesaid composition agreement, but exacted the indorsement upon said note of Sarah F. Blake, all of which was in fraud of the rights of the other creditors and without their privity, knowledge and consent. Upon the trial the truth of the facts set forth in the defendants' answer was admitted, and thereupon the court dismissed the complaint as to the defendant Sarah F. Blake, the indorser of the note, and directed a verdict against the defendants Frederick D. Blake and Charles Waterman, the makers of the note in question, to which exception was duly taken.

Upon this appeal it is claimed that the taking of the indorsed note being in fraud of the other creditors of F. D. Blake & Co., no recovery whatever could be had. There is nothing in the answer which affects the integrity of the composition agreement. Whatever fraud was perpetrated was perpetrated after the agreement had been duly executed and become a valid instrument. It is clear, upon the facts admitted, that the plaintiff was bound to accept the note of F. D. Blake & Co. unindorsed. It refused, however, to accept it and Sarah F. Blake indorsed the note. As to this indorsement it is apparent that the plaintiff was not a holder of this note for value.

It could have been compelled to take the note, or if it refused and had sued F. D. Blake & Co. for the original debt, or for the amount due upon the composition agreement, it could not have recovered; except, perhaps, after the expiration of the time covered by the note, it might have recovered under the composition agreement the amount which would have been represented by the note, had it been received by it. There was nothing which in any way affected the validity of the composition agreement. It was binding upon all the creditors. It is only frauds which enter into the composition agreement itself that can affect its validity or its operative force. In the case at bar there is no allegation of any such fraud; the only allegation being that after the composition agreement had become effectual it demanded additional security.

It is clear that this was entirely without consideration. The plaintiff had no right to exact this security; and it was void as far as the additional security itself was concerned; but it in no way affected the original debt arising under the composition agreement. By exacting this additional security certainly the plaintiff did not release the defendants from the obligation to pay anything, which would be the result were the claim of the defendants to be sustained.

We think, therefore, that the direction was right and the exceptions should be overruled, and the plaintiff have judgment upon the verdict.

BARRETT and PATTERSON, JJ., concurred.

Exceptions overruled and judgment ordered for plaintiff upon the verdict, with costs.